IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **DAIRY HEALTH PRODUCTS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**IBA, INC.,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No.  1:07CV75DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant IBA, Inc.'s Motion to Dismiss Plaintiff Dairy Health Products, Inc.'s Amended Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, Article III, Section 2 of the United States Constitution, and 28 U.S.C. § 1367(c)(3).  The court held a hearing on the motion on September 15, 2011.  At the hearing, Plaintiff was represented by Mark A. Miller, and Defendant was represented by Grant R. Clayton and Brett J. Davis.  The court has carefully considered the pleadings, memoranda, and other materials submitted by the parties, as well as the law and facts relating to the motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

      This case involves a dispute between two competitors in the livestock powdered teat dip market.  As the owner of U.S. Patent No. 7,208,170 for "Powder Teat Dip Germicide, Fungicide and Skin Conditioner," ("the '170 patent"), IBA sent a letter to DHP accusing DHP of infringing

the '170 patent. DHP filed a complaint in this court alleging claims for (1) a declaration that DHP's powdered teat dip product does not infringe the patent in suit; (2) a declaration that the patent is invalid; (3) a declaration that the patent is unenforceable due to inequitable conduct; and (4) tortious interference with economic relations.

DHP also filed a request for *inter partes* reexamination of the '170 Patent with the United States Patent and Trademark Office ("PTO"). This court stayed the matter pending reexamination. Following reexamination, the PTO cancelled all claims in the '170 Patent. Accordingly, the parties filed an Attorney Planning Meeting Report in this action agreeing that DHP's claims for non-infringement and invalidity are now moot due to the cancellation of all the claims in Defendant's patent. DHP has also agreed not to pursue its tortious interference claim. Accordingly, the only claim remaining is DHP's claim for attorneys fees based on inequitable conduct.

## DISCUSSION

IBA moves to dismiss DHP's Amended Complaint for lack of subject matter jurisdiction under Rules 12(b)(1) of the Federal Rules of Civil Procedure. IBA argues that cancellation of the '170 Patent has rendered the claim of unenforceability moot because any declaration by the court declaring the '170 Patent unenforceable would be legally meaningless and irrelevant. DHP, however, argues that 35 U.S.C. § 285 provides a district court with independent jurisdiction over a claim for attorneys' fees even if circumstances may divest the court of jurisdiction over a declaratory judgment action regarding patents. *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008).

District courts routinely retain jurisdiction over claims for attorney fees under § 285

despite circumstances mooting the issues of infringement and invalidity of the patent. The Federal Circuit has explained that an event "may eliminate the case or controversy pled in the patent-related counterclaim and deprive the district court of Article III jurisdiction with respect to the counterclaim; this type of event does not deprive the district court of jurisdiction to determine the disposition of the request for attorney fees under 35 U.S.C. § 285." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 (Fed. Cir. 2006). The district court has jurisdiction to make findings of inequitable conduct concerning the patent in suit and to determine whether to award attorneys' fees. *See Monsanto*, 514 F.3d at 1242.

While a declaratory judgment that the '170 Patent is unenforceable may be moot, DHP's request for attorneys' fees based on inequitable conduct before the PTO is not. IBA's only argument at the hearing on this motion was that DHP could not meet the high standard required to establish that this is an exceptional case entitling DHP to attorneys' fees based on inequitable conduct. This argument, however, does not relate to whether this court has jurisdiction over the claim. Tellingly, IBA also does not make the argument that there is no set of facts under which DHP could state a claim. It is clear to the court that it has jurisdiction based on § 285. Whether DHP can present evidence sufficient to meet the standard for attorneys' fees will be decided on summary judgment or at a bench trial. Accordingly, IBA's motion to dismiss is denied.

The parties' current Scheduling Order contains a discovery deadline of December 16, 2011. Based on DHP's representations at the hearing, this time frame for discovery should be adequate. Summary judgment motions are then due by January 21, 2012. The court will leave the current Scheduling Order in place in all respects except the setting of a seven-day jury trial to begin July 9, 2012, which should be amended to be a three-day bench trial. If the parties believe

that a change in deadlines and/or trial is necessary, they can submit a motion to the court.

## CONCLUSION

For the reasons stated above, Defendant IBA's Motion to Dismiss is DENIED.

DATED this 15th day of September, 2011.

>BY THE COURT:
>
>*(signature)*
>
>DALE A. KIMBALL
>United States District Judge